## No. 672
## SMALLWOOD STONE CO. v. SMALLWOOD
### No. 18677. Supreme Court
### ON MOTION TO CERTIFY

Pending on motion to order Jefferson Appeals to certify record. Docketed June 24, 1924. 2 Abs. 436.

114. ATTORNEY AND CLIENT—1. May an attorney defending a client in a damage suit bind his client by a compromise settlement?

2. Does the absence of the client and the opportunity to settle the case for an amount much less than that asked for constitute such an emergency as will imply authority in the attorney?

Epitomized Opinion

One H. brought an action against the Smallwood Stone Co. and Wm. T. Smallwood, seeking to recover from them (jointly) damages in the amount of $500,000.

During the pendency of this action (the officers of the Stone Co. being in California) a settlement was effected in which the plaintiff, H., agreed to accept a judgment against Smallwood in the amount of $10,000, and release the Smallwood Stone Co. In this action, Smallwood seeks to recover from the Stone Co. the amount of $5,000 which he has paid on the judgment. He claims that the settlement of the case of H. included an agreement with the Stone Co.'s attorneys by which said attorneys bound the Stone Co. to pay the judgment. The Stone Co. denies this agreement to bind them. The Common Pleas directed a verdict for the Stone Co.

The Court of Appeals overruled the Common Pleas, on the grounds that an emergency existed which gave the attorneys this authority. The Stone Co. claims error on the grounds that no such emergency existed.

Attorneys—E. E. Erskine, for Stone Co.; Rogers & Cohen, for Smallwood; all of Stubenville.

## No. 673
## CHATFIELD, Jr., v. STATE ex
### No. 18642. Supreme Court
### ON PETITION IN ERROR

Error to the Court of Appeals, Hamilton County. Docketed June 7, 1924. 2 Abs. 404.

333. CRIMINAL LAW—Does the amendment to 13677 GC. effect crimes alleged to have been committed prior to April 24, 1923?

Epitomized Opinion

Chatfield and Zeazell were indicted, charged with embezzlement alleged to have been committed Feb. 13, 1923. They were tried jointly in the Hamilton Common Pleas, and on Jan. 31, 1924, were convicted. Chatfield was sentenced to the penitentiary.

Chatfield claims error on the ground that 13677 GC. provides that persons indicted jointly for a felony shall be tried separately.

That the embezzlement was alleged to have been committed on Feb. 13, 1923.

That the amendment to the above section, allowing the court to determine whether those indicted jointly shall be tried jointly or separately, was not passed until April 24, 1923.

That the said amended statute as applied to this crime is an post facto law within the restrictions imposed by Art. 1, Sec. 10, of the Constitution of the U. S. and a retroactive law within the provisions of Sec. 28, Art. 11, of the Ohio Constitution.

Attorneys—Dinsmore, Shohl & Sawyer, for Chatfield; Chas. B. Bell, Pros. Atty., for State ex.

## No. 674
## STATE ex v. CINCIN. TRAC. CO. et
### No. 18632. Supreme Court
### ON MOTION TO CERTIFY

Pending on motion to order Hamilton Appeals to certify record. Docketed June 6. 1924. 2 Abs. 404.

1157. TAXATION—May a tax payer maintain an action to collect taxes due a municipality after the city solicitor has refused to bring such action?

Epitomized Statement

Action commenced in Hamilton Common Pleas, by plaintiff, the State ex rel Alcorn, (as a taxpayer) to collect certain taxes claimed to be due from defendants, Cincinnati Traction Co. and Cincinnati Street Ry. Co.'s, to Cincinnati. Plaintiff demanded a trial by jury. The court refused this demand and tried the case without a jury and found for defendant. The Court of Appeals overruled the Common Pleas, but found that the petition should have been dismissed on the ground this is not a case in which a taxpayer can maintain an action, even though the city solicitor had refused to bring the action after a demand in writing.

Plaintiff claims error on the ground that, while this action is not included in those specified in 4314 GC. (which provides for the bringing of certain actions by a taxpayer) such actions are permitted in many cases becaues no other remedy can be had. The Court of Appeals held that these exceptions were made only in certain equity cases, and not in actions for money only.

Attorneys—Wm. H. Thorndyke and Robt. S. Alcorn, for State; Ernst, Cassatt & Cottle, Dinsmore, Sholl & Sawyer and Taft, Stettinus & Hollis; all of Cincinnati.